# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DOLLY BELCHER, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:12CV00031 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **STEPHEN WALZ, ETC., ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*T. Shea Cook, T. Shea Cook, PC, Richlands, Virginia, for Plaintiffs; Earle Duncan Gretchell, Jr., Solicitor General of Virginia, Richmond, Virginia, and Sarah J. Surber, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

The defendants have asked the court to dismiss this action, asserting that the plaintiffs have failed to properly serve them. After considering the defendants' submissions, I have determined that the service of process in this case should be quashed.

The defendants, the Director of the Virginia Department of Mines, Minerals and Energy and the Chairman of the Virginia Gas and Oil Board, have asked the court to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(5). Rather than serve the defendants individually, the plaintiffs served a copy of the Summons and Amended Complaint on the Attorney General of the

Commonwealth. The plaintiffs argue this action was not effective service of process, and the Amended Complaint should therefore be dismissed.

Rule 4 of the Federal Rules of Civil Procedure outlines the means by which a party may effect service on an opposing party. The Rule specifies a number of particular means of effecting service on individuals, including personal service, Fed. R. Civ. P. 4(e)(2)(A), substituted service at the defendant's usual abode, Fed. R. Civ. P. 4(e)(2)(B), and service on a statutorily-defined agent, Fed. R. Civ. P. 4(e)(2)(C). In addition, Rule 4 provides that the plaintiffs may serve individuals by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Finally, Rule 4 specifies that service may be made on a state government by (A) delivering a copy of the summons and of the complaint to the state's chief executive officer, or (B) by complying with the manner of service prescribed by state law. Fed. R. Civ. P. 4(j)(2).

It is clear that the plaintiffs' method of attempting to effect service on the defendants in this case did not comply with the forms of service on individuals outlined in Rule 4(e)(2). Neither of the defendants received any direct form of service as contemplated by the Federal Rules of Civil Procedure. Although the Rules do allow for service to be made according to the law of the state in which the court is located, the plaintiffs failed to comply with the methods specified for

service on individuals in the Commonwealth of Virginia.[1]  Va. Code Ann. § 8.01-296 (2007 & Supp. 2012).

Moreover, the plaintiffs' attempt to serve the defendants did not satisfy the requirements of Rule 4(j)(2) for service of process on state governments.  The plaintiffs served the Attorney General of the Commonwealth.  The Governor is the chief executive of Virginia's state government.  Va. Code Ann. § 2.2-103 (2007 & Supp. 2012).  The plaintiffs, therefore, did not satisfy Rule 4(j)(2)(A).  State law does allow for service to be made on the Attorney General, but only in the context of claims brought pursuant to the Virginia Tort Claims Act.  Va. Code Ann. § 8.01-195.4 (2007 & Supp. 2012).  That law does not generally authorize the Attorney General as an agent who may receive service on behalf of other state officers.  *See Jeffress v. Titius*, 756 F. Supp. 255, 257 (W.D. Va. 1990).

Because the plaintiffs did not comply with federal or state law prescribing service of process on individuals or on the state, they failed to effect proper service on the defendants.

When a federal court grants a motion pursuant to Federal Rule of Civil Procedure 12(b)(5), it may either dismiss the action or retain the action and quash process, giving the plaintiff the opportunity to correct any deficiencies in service.

---

[1] These methods include (1) personal service, (2) substituted service on a family member at the defendant's usual place of abode, and (3) posted service followed by certified mail.

-3-
Case 1:12-cv-00031-JPJ-PMS   Document 9   Filed 08/30/12   Page 3 of 5   Pageid#: 376

When a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), that motion will also be treated alternatively as a motion to quash process. *See, e.g., Haley v. Simmons*, 529 F. 2d 78, 79 (8th Cir. 1976); *Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011); *Grant-Brooks v. Nationscredit Home Equity Servs. Corp.,* No. CIV.A. 3:01-CV-2327, 2002 WL 424566 (N.D. Tex. Mar. 15, 2002). Where a defect in service does exist, it is in the court's discretion whether the case should be dismissed or whether the service should merely be quashed.

Generally, if it appears that effective service can be made and the delay resulting from ineffective service has caused no prejudice to the defendant, the court will quash the service rather than dismiss the action. "Where 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.'" *Ngabo*, 2011 WL 978654 at *2 (quoting *Vorhees v. Fischer & Krecke,* 697 F. 2d 574, 576 (4th Cir. 1983)). The case should only be dismissed when there is no reasonable likelihood the plaintiff will be able to achieve proper service on the defendants. *See Umbenhauer v. Woog*, 969 F. 2d 25, 31 (3rd Cir. 1992).

It appears in this case that it is reasonably likely the plaintiffs will be able to achieve proper service on the defendants according to the methods prescribed by Rule 4 of the Federal Rules of Civil Procedure.[2]

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 7), treated as a Motion to Quash, is GRANTED, and the service of process on the defendants is hereby quashed.[3]

ENTER: August 30, 2012

/s/ James P. Jones
United States District Judge

---

[2] Plaintiffs' counsel has struggled to meet the procedural requirements in this case. The original Complaint, which I dismissed sua sponte, lacked any statement alleging the subject-matter jurisdiction of this court. After amending the Complaint, counsel failed to effect proper service on the defendants as described in this Opinion. Finally, counsel did not respond to the defendants' Motion to Dismiss as required by the Local Rules of this court. Further lapses by counsel may warrant sanctions.

[3] The defendants have alternatively moved to dismiss the Amended Complaint for failure to state a claim, but I will not consider that issue unless and until service is properly effected.